IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 0 2005

Michael N. Milby
Clerk of Court

JUAN JOSE MIRELES, §
§
Plaintiffs, §
§
v. § Civil Action No. B-04-135
§
UNITED STATES OF AMERICA, §
§
§
Defendants §

**AMENDED REPORT OF MEETING AND PROPOSED
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    Plaintiff and defendant have now discussed and agreed to this discovery plan.
    The telephone conversations have been exchanged between counsel for Plaintiff and counsel for Defendant, during which the matters addressed in Rule 26(f) were discussed. The telephone conversations took place during the week of January 3, 2005..

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

    None.

3. Briefly describe what this case is about.

    Plaintiffs' contentions:

    Plaintiff contends he was detained, arrested, and wrongfully imprisoned in the Cameron County Jail in Cameron County, Texas by Immigration Agents of the U.S. Department of Homeland Security who were acting within the course and scope of their employment. Plaintiff further contends Defendant was negligent in identifying the Plaintiff as someone wanted in the state of Pennsylvania when he, in fact, was not. Defendant violated the course of action set out by federal statute, regulation or policy for immigration agents to follow before arresting Plaintiff merely because he was of the same or similar name of a person wanted by law enforcement.

    Plaintiff further contends he was imprisoned for about nine days during which time he

sustained personal injuries from a tuberculosis infection as well as mental anguish, humiliation, shame, fright, and loss of freedom. Plaintiff suffered from physical pain, disfigurement, mental anguish, humiliation, shame, fright, loss of freedom, lost earnings and medical expenses.

Defendants' contentions:

This case arises out of a lawful detention of Plaintiff on or about December 17, 2002. This detention occurred at the Port of Entry, Gateway Bridge, Brownsville, Texas. Plaintiff was inspected as a pedestrian and was sent to secondary inspection for further processing as a possible wanted person. The secondary inquiries confirmed a positive match for a warrant for the Mr. Mireles. Cameron County deputies responded and agreed to take Plaintiff into custody. Plaintiff was placed in a holding cell until he was handed over to the Cameron County Deputy Sheriff. This detention by Defendant lasted approximately two and one-half hours.

Defendant contends they did not engage in wrongdoing but rather, acted reasonably and prudently under the attenuating circumstances and followed the guidelines for such detention of a suspicious and alleged wanted person. Moreover, Defendant contends the detention of Plaintiff by this Defendant was for a reasonable period of time given the circumstances. Defendant responded to an outstanding NCIC warrant and is unaware of and had no control over what occurred after Plaintiff's release to the Cameron County Deputy Sheriff. Defendant is not liable, because they did not act negligently. .

Defendant further contends no injury occurred to the Plaintiff during his detention by this Defendant. If any injuries exist, they were not proximately caused by this Defendant, but were as a result of Plaintiffs own fault or of a third party over whom this Defendant has no control and whose negligence was the superseding or intervening cause to Plaintiff's injuries, if any. Plaintiff was not abused or injured by this defendant or any of its agents or employees during the time period the Plaintiff was detained by this Defendant.

4.   Specify the allegation of federal jurisdiction.

    28 USC 1346(b)

5.   Name the parties who disagree and the reasons.

    None

6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None

7. List anticipated interventions.

None.

8. Describe class-action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties anticipate that the disclosures required by Rule 26 will be made within 30 days after the initial pretrial conference.

10. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   A plan for completion of discovery has been devised, as set out below.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   Plaintiffs anticipate sending interrogatories to Defendants, if necessary, within two months after a scheduling order is entered.

   C. When and to whom the defendant anticipates it may send interrogatories.

   Defendants anticipate sending interrogatories to Plaintiffs, if necessary, within three months after a scheduling order is entered.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   Plaintiffs anticipate taking the deposition of each of the Defendants within four months after the entry of a scheduling order in this case, and of experts designated by Defendants as specified below.

   E. Of whom and by when the defendant anticipates taking oral depositions.

   Defendants anticipate taking the deposition of Plaintiffs within five months after the entry of a scheduling order in this case, and of experts designated by Plaintiff as specified below.

   F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and

when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs anticipate designating experts, if any, within five months, and will provide any reports at the time of designation. Defendants anticipate designating experts, if any, within six months, and will provide any reports at the time of designation.

    G.    List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

          Plaintiffs anticipate taking the deposition of all persons designated as experts by Defendants within 60 days after they have been designated.

    H.    List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

          Defendants anticipate taking the deposition of all persons designated as experts by Plaintiffs within 60 days after they have been designated.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

       The parties are in agreement regarding discovery as set forth herein.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

       None.

13.    State the date the planned discovery can reasonably be completed.

       Discovery should be completed within 9 months

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

       None were discussed at this time.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

       The parties will discuss settlement and possibly attempt mediation

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

Mediation appears suitable

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The parties are amenable to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

   No jury request was made.

19. Specify the number of hours it will take to present the evidence in this case.

   The parties anticipate that it will take approximately 16 hours to present all the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   None.

21. List other pending motions.

   Defendant will file a Motion to Dismiss and/or Alternatively for Summary Judgment.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   Defendants filed their Notice on December 29, 2004.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

   <u>Counsel for Plaintiffs</u>:

   David E. Wood
   State Bar No. 21887100
   Federal Bar No. 7154
   1317 E. Quebec Ave.
   McAllen, Tx 78503

956/ 618 - 0115
956/ 618 - 0445


<u>Counsel for Defendants</u>:

Rene Carlo Benavides
Assistant United States Attorney
U.S. Attorney's Office, Southern Dist. of Texas
1701 W. Hwy. 83, Suite 600
McAllen, Texas  78501
(956) 618-8010
(956) 618-8016 (fax)
Texas Bar No.24025248
Southern Dist. No. 26215


Respectfully submitted,

Rene Carlo Benavides
Assistant United States Attorney
U.S. Attorney's Office, Southern Dist. of Texas
1701 W. Hwy. 83, Suite 600
McAllen, Texas  78501
(956) 618-8010     (956) 618-8016 (fax)
Texas Bar No.2402524
Southern Dist. No.26215


David E. Wood
State Bar No. 21887100
Federal Bar No. 7154
1317 E. Quebec Ave.
McAllen, Tx 78503
956/ 618 - 0115
956/ 618 - 0445